# FINTHSWAITE v. WHITE and WIFE.

Court of Chancery. Kent. August, 1815.

*Clayton's Notebook, 49.*

*Clayton* and *Ridgely,* for the defendants, contended that the complainant had no interest. Where a legacy is given to one for life and then to another, the executor may pay the same to the legatee for life, and such payment entirely discharges him from all responsibility to the legatee in remainder. In this case the son is the only person who can pray that the defendant and wife should give security for the forthcoming of the money at the death of the wife and that it should not be wasted. The complainant has no manner of interest; therefore there is nothing against which he can be relieved.

CHANCELLOR RIDGELY. The law unquestionably is settled that in all cases of legacies, whether pecuniary or specific, where the executor pays or delivers them to the persons who are to enjoy them immediately, he is discharged from all responsibility, and,

although they may be wasted, can never be called on for them by those persons in remainder. Such was the case of [————] [1] of which I have a note taken by myself and another by Mr. Bayard.

The difficulty in this case is that this money arose from the sale of real estate under an order of the Orphans' Court, and that the complainant might and ought to have applied to that court for its direction in paying it over, 1 Del.Laws 282, c. 117a, s. 3, and security that it should not be wasted would have been required of the defendants, or the money would have been ordered to have been laid out in some fund. Was not this money paid over under a mistake? Has not the complainant by neglecting to apply to the Orphans' Court (as directed by the Act) rendered himself answerable to the son in case the money should be wasted?

I am of opinion that the plaintiff should be relieved.

It was accordingly decreed that the complainant should take the rents and profits of so much of the real estate of the testator as was unsold and in the occupation of defendants, for the life of the wife, until he should be reimbursed the money paid over.